Commonwealth *v.* Hodovanich, Appellant.

Argued November 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Joseph M. Stanichak,* for appellant.

*J. Tosh,* Assistant District Attorney, with him *Robert C. Reed,* Assistant District Attorney, and *John G. Good, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., March 20, 1969:

On December 14, 1966, appellant Robert Hodovanich was convicted of assault and battery by a jury

in the Court of Quarter Sessions of Beaver County. This is an appeal from the appellant's motions in arrest of judgment and for a new trial.

Appellant's conviction arises from an incident occurring during a sandlot basketball game on November 13, 1965, in which he was a participant. After the game had been in progress for about 1 hour, the appellant committed a foul on a member of the opposing team. The ball was taken to the sidelines to be put into play. Dennis Golixer, a member of the opposing team, threw the ball and stumbled as he ran onto the court. His momentum caused him to strike appellant in the rear. Appellant whirled around, grabbed Golixer by the shoulder and struck him in the face with a closed fist. Golixer was hospitalized for 31 days as a result of the blow.

Appellant was 16 years of age when the assault occurred and was subject to the jurisdiction of the Juvenile Court of Beaver County. In the course of an investigation by juvenile probation officers, a meeting was held with appellant and his father and attorney, during which appellant admitted that he had struck Golixer. Subsequently in April 1966 the proceedings against appellant were certified to the Court of Quarter Sessions. At trial, a juvenile probation officer testified to the admission made by appellant during the juvenile court investigation. The principal argument advanced by appellant in support of his motion for a new trial is that the court erred in allowing this testimony.

Section 19 of the Juvenile Court Law, Act of June 2, 1933, P. L. 1433, 11 P.S. §261, provides:

"No order made by any juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by the criminal laws of the Commonwealth, nor shall any child be deemed to be a criminal by reason

of any such order or be deemed to have been convicted of crime. The disposition of any child or any evidence given in a juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court."

Appellant contends that the prohibition of §19 extends to testimony by a juvenile probation officer as to admissions made to him by a juvenile during the course of an investigation prior to disposition by the juvenile court. We hold that it was error for the court below to admit this testimony and the error requires the grant of a new trial.

The fundamental considerations in determining the applicability of §19 to statements given to a probation officer are the objectives of the juvenile system and the unique role of the juvenile probation officer. Although procedural safeguards necessary for a fair disposition are provided, juvenile court proceedings differ in many respects from adult criminal proceedings.[1]

An adjudication of delinquency is not a criminal conviction. The Juvenile Court Law, §19. Juvenile proceedings are informal and nonadversary and do not employ the same evidentiary standards as criminal proceedings. Because adjudication is geared to a determination of the welfare of the youthful offender and the primary objective of the system is rehabilitation, facts relating to the child's background, environment and prior history weigh heavily in the final disposition of a juvenile case.

The distinctive objectives and procedures of the juvenile court system have prompted the legislature to take great pains to prevent juvenile proceedings from

[1] See, *Kent v. United States*, 383 U.S. 541 (1966) ; *In Re Gault*, 387 U.S. 1 (1967) ; *Gaskins Case*, 430 Pa. 298, 244 A. 2d 662 (1968) ; *Commonwealth v. Johnson*, 211 Pa. Superior Ct. 62, 234 A. 2d 9 (1967) ; *Freeman Appeal*, 212 Pa. Superior Ct. 422, 242 A. 2d 903 (1968).

permanently stigmatizing a child's future. The predominant means by which this has been accomplished in The Juvenile Court Law is by sharply restricting the availability of information regarding the juvenile which is generated in juvenile proceedings. Juvenile hearings are not public. See, *Commonwealth v. Johnson, supra,* 211 Pa. Superior Ct. at 76. Juvenile records are kept separately and are not open to public inspection. The Juvenile Court Law, §3. The disposition of a child or evidence given in juvenile proceedings may not be used as evidence in any other court or proceeding. The Juvenile Court Law, §19.

The investigation by the juvenile probation officer is an essential part of the juvenile court proceedings. By statute, the probation officer is a representative of the juvenile court charged with providing the court with information and assistance. The Juvenile Court Law, §17. In practice, the probation officer is the investigative arm of the court and may directly influence the disposition of cases.[2] The sole purpose of investigation is to provide the juvenile court with a complete and revealing picture of the accused child offender. The information gathered during investigation is presented to the juvenile court in the probation officer's report to the court and in his testimony. The results of the investigation of the child and the offense may often be the principal influence upon the adjudication of delinquency and the ultimate disposition of the case.

---

[2] See, Propper, Juvenile Court Practice, 30 Temple L.Q. 28 (1956). It appears from the instant case that in Beaver County it is standard practice for the juvenile probation officer to recommend the certification of cases to the Court of Quarter Sessions. The probation officer's investigative power is wide-ranging. The juvenile's "parental background is explored, his school record is examined and, in effect, his entire life becomes open for inspection." Propper, Juvenile Court Practice, *supra* at 31.

The importance and influence of the juvenile probation officer's investigation upon final disposition leads to the conclusion that the investigation is an integral and essential part of juvenile court proceedings and that information gathered during investigation is within the prohibition of §19 barring use of "evidence given in a juvenile court."

When kept within the confines of juvenile court, this information serves the purpose for which it was gathered without the public disclosure and consequent risk of permanent injury to the child which The Juvenile Court Law seeks to prevent. To hold that this information is admissible in a later criminal trial would be to disregard totally the special nature of the juvenile court and the purposes of The Juvenile Court Law.

We have considered the other claims of error raised by the appellant and find them to be without merit.

The judgment of the court below is reversed and a new trial granted.

WRIGHT, P. J., and WATKINS, J., would affirm the judgment of sentence.